UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MATTHEW ORSO as Successor**
**Trustee to Kenneth D. Bell in his**
**Capacity as Court-appointed**
**Receiver for Rex Venture Group, LLC,**

      **Plaintiff,**

**v.**                                  **Case No.: 8:21-mc-9-JSM-AAS**

**THOMAS SHAMBLIN,**

      **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff National Judgment Recovery as assignee of Matthew Orso, as Successor Trustee to Kenneth D. Bell in His Capacity as Court-Appointed Receiver for Rex Venture Group, LLC (the plaintiff) moves for final judgment in garnishment as to Garnishee South State Bank, NA (South State). (Doc. 13). No response has been filed and the time for doing so had expired. It is **RECOMMENDED** that the motion be **GRANTED**.

## I.    BACKGROUND

On August 14, 2017 a judgment was entered against Defendant Thomas Shamblin (the defendant) in the Western District of North Carolina, Charlotte Division, in the amount of $89,982.75 arising from his participation as a Net

Winner in a Ponzi scheme. (Doc. 1-1). The judgment remains outstanding, with interest accruing at the statutory rate.

On January 20, 2021, the plaintiff registered the judgment in this court. (Doc. 1). On July 12, 2021, the plaintiff moved for writs of garnishment against Bank of America, NA and South State as to any tangible assets of the defendant in the possession of either bank. (Docs. 2, 3). On July 13, 2021, the court granted the plaintiff's motions and issued the writs of garnishment. (Docs. 5, 6). On August 6, 2021, South State answered the writ of garnishment, stating that it had restrained $99,943.24 belonging to the defendant in four South State accounts. (Doc. 9).

On August 9, 2021, the plaintiff mailed a notice to the defendant, attaching the motion for writ of garnishment against South State, a Notice to Defendant of Rights Against Garnishment, and a Florida Claim of Exemption form as required by Fla. Stat. § 77.041. The notice advised the defendant that "you must file the form with the Clerk's office within twenty days after the date you receive this notice or you may lose important rights," and "you should file the form for claim of exemption immediately to keep your wages, money or property from being applied to the court judgment." (Doc. 11).

On August 11, 2021, the plaintiff mailed a second notice to the defendant, attaching South State's answer as required by Florida Statute § 77.055 and

stated that "Plaintiff further notifies Defendant that it must move the dissolve the Writ of Garnishment within 20 days after the date indicated on the Certificate of Service…if any allegation…is incorrect." (Doc. 12).

The defendant did not respond to the writ or to any other filing, nor make any Claim of Exemption as to the account or funds identified and restrained by South State. The plaintiff now moves for Final Judgment of Garnishment as to the funds restrained by South State. (Doc. 13).

## II.   ANALYSIS

Rule 69(a)(1) of the Federal Rules of Civil Procedure states that:

> a money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located…

Under Florida law, "every person or entity who…has recovered judgment in any court against any person or entity has a right to a writ of garnishment." *Francois v. Washmonbo, Inc.*, No. 05-23368-CIV, 2008 WL 2694752 at *2 (S.D. Fla. July 8, 2008), and "[Florida] state law concerning supplementary proceedings to enforce a judgment will govern to the extent that it is not preempted by federal law." *Gen. Trading Inc., v. Yale Materials Handling Corp.*, 119 F.3d 1485, 1496 n. 22 (11th Cir. 1997).

Florida's garnishment statutes "require notice to be sent to the

3

defendant…of whom garnishment is sought…within 5 business days after the writ is issued or 3 business days after the writ is served on the garnishee," Fla. Stat. § 77.041(2), and "within 5 days after service of the garnishee's answer on the plaintiff or after the time period for the garnishee's answer has expired." Fla. Stat. § 77.055.

Garnishment statutes are strictly construed, including related deadlines. *See Akerman Senterfitt & Eidson, PA v. Value Seafood, Inc.*, 121 So. 3d 83 (Fla. 3d DCA 2013); *Bernal v. All Am. Inv. Realty, Inc.*, No. 05-60956-CIV, 2009 WL 586010 (S.D. Fla. Mar. 6, 2009). When a plaintiff demonstrates the defendant was served with the statutorily required notices but failed to appear or otherwise respond to a writ of garnishment, the plaintiff meets the statutory requirements for a judgment of garnishment. *See Zhejiang Dongri Import & Exp. Co., LTD., v. Neoptx, LLC*, No. 20-CV-60114-SMITH/VALLE, 2021 WL 2480879 (S.D. Fla. 2021).

In response to a writ of garnishment, South State filed its answer, admitting that it serviced four accounts held by the defendant. (*See* Doc. 9). These accounts contained funds that may be subject to garnishment. (*Id.*). Under Fla. Stat. §§ 77.041 and 77.055, the plaintiff provided proper notice of garnishment to the defendant and further advised that the defendant must move to dissolve the writ within the statutory time allotted or be defaulted.

4

(*See* Docs. 11, 12). To date, the defendant failed to appear or otherwise respond. The plaintiff has thus met the statutory requirements for a judgment of garnishment and the plaintiff's motion should be granted.

## III.   CONCLUSION

It is **RECOMMENDED** that the plaintiff's Motion for Final Judgment in Garnishment on South State Bank, N.A (Doc. 13) be **GRANTED**, and the court enter Final Judgment for the plaintiff as to the funds restrained by South State Bank, N.A. to satisfy the judgment of garnishment in the amount of $89,987.75 plus accrued interest.

**ENTERED** in Tampa, Florida on September 30, 2021.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.

cc:

Thomas Shamblin
12870 E. US Highway 92,
Dover, FL 33527